IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CHESTER W. SILCOX,**

    Plaintiff,

v.                                                                                                  **CASE NO.:**

**MATTHEW S. THOMPSON,**
*In his Personal Capacity*

       Serve:
       Virginia Beach Police Department
       2509 Princess Anne Road
       Virginia Beach, VA 23456

    Defendant.

## **COMPLAINT**

COMES NOW Plaintiff, Chester W. Silcox ("Silcox" or "Plaintiff"), by counsel, and states the following causes of action against the Defendant, Matthew S. Thompson ("Thompson" or "Defendant"):

## INTRODUCTION

1. This is an action brought pursuant to, inter alia, 42 U.S.C. § 1983, alleging violation of the Fourth Amendment to the Constitution of the United States of America, and attendant state law claims.

## THE PARTIES

2. Plaintiff Silcox is a citizen and resident of Virginia Beach, Virginia.

3. Defendant, Thompson, is a citizen of the United States, a resident of Virginia, and at all times relevant hereto, he was employed, uniformed, and on duty with the Virginia Beach Police Department and was acting under color of law.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the Plaintiffs' Federal constitutional claims pursuant to 28 U.S.C. § 1331. This Court has subject matter jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has jurisdiction to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

5. Venue is proper in the Norfolk Division of the Federal District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 127, 1391 and Local Civil Rule 3, as a substantial part of the events giving rise to the claims herein occurred in the City of Virginia Beach, and is thus within the Norfolk Division of the United States District Courts for the Eastern District of Virginia

## STATEMENT OF FACTS

6. On the evening of October 10, 2021, Thompson pulled over Silcox who was heading southbound on London Bridge Road in Virginia Beach, Virginia at approximately 8:30 p.m. Thompson told Silcox he pulled him over for "spinning his tires." Thompson asked Silcox to exit the vehicle.

7. Thompson told Silcox he wanted to administer a breath test on him but did not have the requisite equipment. He then apparently radioed for assistance.

8. While they waited, Thompson told Silcox that he was knew to the Virginia Beach Police Department – in his "first year."

9. Shortly thereafter another police officer arrived on the scene with a breathalyzer. Thompson then administered the breath test.

10. Upon information and belief, Silcox registered a Blood Alcohol Concentration ("BAC") of 0.08%.

11. Thompson then handcuffed Silcox – both hands behind his back -- and shoved him into his his patrol vehicle – a large SUV believed to be a Chevrolet Tahoe.  Silcox landed on his thumb in the vehicle's backseat – in so doing, spraining the metacarpophalangeal joint of his right thumb.

12. Silcox apprised Thompson of his injury.  Thompson did not react.

13. Thompson did not place a seatbelt on Silcox.  Thompson then aggressively speeded off in his vehicle and pulled a "u-turn" on London Bridge Road.  Thompson's aggressive driving slammed Silcox from side to side of the vehicle's backseat.  Silcox's sprained thumb (as his hands were still hand-cuffed behind his back) dragged along the back seat, clanging into and snagging on seatbelt holders and slamming into the vehicle's interior hard plastic sides.

14. Silcox was moved to tears experiencing the pain of the violent thrashing due to Thompson's aggressive driving.

15. Thompson drove Silcox to the Virginia Beach Police Department's Second Precinct.  While there, another officer told Thompson that he had completed Silcox's paperwork incorrectly and that she would "fix it" for him "this one time."

16. Subsequently, Silcox had wear multiple casts and eventually had to have surgery on his right thumb.   Silcox is likely to have more surgery in the future on his right thumb.

17. Silcox is a sole proprietor of a glass installation business.  Most of Silcox's work is tactile in nature.

18. During much of 2020, as a result of the injury caused by Thompson, Silcox was unable to work (or work at full capacity) and lost substantial wages and profits.

## **COUNT I**
VIOLATION OF THE FOURTH AMENDMENT
EXCESSIVE FORCE

19. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

20. Defendants deployed force that was objectively unreasonable against Silcox under the circumstances, by physically forcing him in his vehicle and thereby injuring his thumb.

21. At the time that Defendant used this force on Silcox, Silcox had given Defendant no signals, taken no actions, or made threats, nor done anything that would have led a reasonable person to believe that Silcox posed a threat to the Defendant. Quite the contrary, throughout their interaction, Silcox was fully cooperative with Thompson.

22. Defendant's illegal and unreasonable use of force on Silcox caused serious physical injury to Plaintiff.

23. Defendant's use of force under these circumstances violated Silcox's clearly established constitutional rights to be free from excessive force, the Defendant knew that the use of force would and did violate Silcox's rights, and such Defendant failed to intervene and stop it.

24. Defendant exacerbated Silcox's injury by his aggressive driving. Defendant acted in a grossly negligent and a willful and wanton fashion.

25. Thus, Silcox is entitled to compensatory damages, costs, and attorney's fees pursuant to 42 U.S.C. § 1983 against Defendant for his violation of Silcox's clearly established Fourth Amendment right to be free of excessive force.

26. Further, the circumstances demonstrate that Defendant's actions were done intentionally, maliciously, and in a manner demonstrating a callous indifference to Silcox's protected rights. Therefore, Defendant is liable to Silcox for punitive damages for his objectively unreasonable use of force.

## COUNT II
COMMON LAW BATTERY

27. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint..

28. Defendant directly and intentionally touched Silcox by, *inter alia,* forcing him into the patrol vehicle thereby painfully spraining his right thumb.

29. Defendant's touching of Silcox (and subsequent aggressive and wild driving) was harmful, offensive, excessive and disproportionate, and conducted without lawful justification or excuse.

30. At no time during these batteries was Silcox combative or presenting such a threat to the Defendant such as to warrant such violence and harmful and offensive touchings.

31. As a direct and proximate cause of the Defendant's battery of him (either directly or by their presence and encouragement), Silcox suffered damages as described herein, and therefore, Defendants is liable to Silcox for compensatory damages for the common law tort of battery.

32. Further, these actions were taken under circumstances that amount to at least a willful and wanton disregard for Silcox's rights, and thus punitive damages for common- law tort of battery are warranted.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Chester W. Silcox, prays for entry of judgment in favor of Plaintiff and against Defendant Matthew S. Thompson in the form of the following relief:

a. Compensatory damages in the amount of One Million Dollars ($1,000,000.00) or such amount as a jury may award for the violations of Counts I and II as complained herein;

b. Punitive damages in such amount as a jury may determine for the violations of Counts I and II as complained herein;

c.      Declaration that Defendant's actions violated Plaintiff's clearly established Fourth Amendment Rights as complained of in Count I;

d.      Prejudgment and Post Judgment Interest;

e.      Attorneys' fees and court costs associated with this suit; and

f.      Other such equitable and legal relief as may be appropriate to effectuate the purpose of justice.

Date: October 8, 2021                              Respectfully submitted,

                                                   CHESTER W. SILCOX

                                                   __/s/__Todd M. Gaynor_____
                                                   Todd M. Gaynor, Esquire
                                                   Virginia Bar No.: 47742
                                                   GAYNOR LAW CENTER, P.C.
                                                   440 Monticello Avenue, Suite 1800
                                                   Norfolk, Virginia 23510
                                                   PH: (757) 828-3739
                                                   FX: (75) 257-3674
                                                   EM: tgaynor@gaynorlawcenter.com

                                                   *Counsel for Plaintiff*